TALIAFERRO, Judge.
In this suit is involved the ownership of four cows and their calves, alleged at the time of filing suit to be in the possession of the defendants, Arthur J. 'Childers, Samuel R. Childers and A. B. Childers, residents of Bossier Parish, Louisiana. In conjunction with the suit a writ of sequestration was sued out under which the cattle were seized by the Sheriff.
Defendants denied plaintiff’s ownership of the cattle, and set up ownership in themselves. They reconvened and sued for damages, alleged results of the seizure.
The court sustained plaintiff’s contention and gave judgment for her, supporting same by written reasons. Defendants appealed.
In keeping with the rule in cases of this character, the testimony is hopelessly contradictory.
Plaintiff’s contention is that she purchased a cow from her brother, James E. Childers, father of the defendants, while he was in criminal trouble about the year 1942; that she left the cow in thé possession of her brother’s wife to be used by her, and that the cattle seized are all the offspring or descendants of this purchased cow. As to the sale of the cow to plaintiff and her possession by Mrs. Childers for some time thereafter, plaintiff is corroborated by the testimony of the latter. James E. Childers, not long after the purchase was sentenced to the penitentiary for forgery. His wife divorced him and moved away. He thereafter died.
Defendants base their ownership of four of the cattle upon the last will and testament of their father, James E.' Child-ers. Of course, the will conveyed no title to the defendants if the testator had sold the ancestor of the cattle to plaintiff, as she and Mrs. Childers testified.
As to the other two head of cattle, defendants testified that they are owned by defendant, S. R. Childers.
In his written reasons for judgment, the trial judge said:
“Only a question of fact is involved in this suit, and having heard the testimony and read the transcript of the same, I am of the opinion that the plaintiff has sustained the burden of proof and is entitled to judgment, recognizing her as the owner of these cattle.
“The three defendants all testified that their sister did not own the cattle and had no interest in them, but, I believe she does. I have known all of the people involved in this suit for more than twenty years and they have been in court in Bossier Parish many times, as well as in Caddo Parish. Taking into consideration their reputation, I would say that that of the plaintiff is better, and, for that reason, accept her testimony. A review of the various witnesses’ testimony in the case would serve no useful purpose and all of the testimony is in the record; and, as said before, it is just a matter of choosing which side to believe.”
We could assign no good reason for a resolution of the facts at variance with that given by the Lower Court. Surely, this is a case in which the resolution of factual issues by the trial judge should have great weight with an Appellate Court. He was in a far better position than we to appraise the credibility of the witnesses. He has done so and in no uncertain terms.
For the reasons herein assigned, the judgment from which appealed, is affirmed with costs.
McINNIS, J., is recused.